OLIVER C. VANLANDINGHAM, appellant *v.* THOMAS LOWERY, appellee.

*Appeal from Gallatin.*

Where a cause has been referred by a rule of Court, it is incumbent on the party objecting to the report of the referees, to show by affidavit that some irregu-

larity has occurred. In the absence of such proof, their proceedings will be deemed to have been regular. It is to be presumed that the requisite forms have been observed, in a case like the present, without a recital.

JUDGMENTS were rendered in two causes between the same parties, at the October term of the Gallatin Circuit Court, the Hon. Justin Harlan presiding, in favor of the defendant, Lowery. The plaintiff appealed to this Court, and assigned the same errors in each case.

H. EDDY, for the appellant.

D. J. BAKER, for the appellee.

SMITH, Justice, delivered the opinion of the Court:

These two actions were instituted in the Circuit Court of Gallatin, and were referred by the mutual agreement of the parties, under the following stipulation: "These two cases are, by consent of parties, referred to a jury of twelve disinterested men, to be summoned by the sheriff or any constable, to meet at some convenient place in Shawneetown, at such time after the Circuit is over, as either party or attorney shall fix, and give the other one week's notice of said jury, to hear evidence, and decide each case separately, and the said jurors, and all witnesses, shall be sworn by some justice of the peace, and the verdict of said jury shall be returned to the Court, and shall form the judgment of this Court." This order was renewed at a subsequent term, not having been acted upon. After which, both cases were tried, and verdicts rendered in each case under said rule.

When the verdicts were presented to the Circuit Court, objections were raised to the entry of judgments on those verdicts; but we can gather from no part of the record, what those objections were. There is nothing in the record showing the least departure from the agreement of the parties as to the manner in which the cases were to be decided.

If the agreement had not been adhered to in any of its essential terms, the party dissatisfied with the proceedings had, should have made the departures appear by affidavit of the facts, and have then moved the Circuit Court to have set aside the proceedings had. The Circuit Court was correct in presuming that the terms of the rule of reference had been observed, as there was nothing in the return of the verdict of the twelve persons selected to try the cause, showing any irregularity. It cannot, I think, be contended, that the present cases were referred under our statute, but that the parties chose to adopt the particular mode agreed on for their own convenience. As they sought this course, there are many reasons why the Circuit Court should not have disturbed the proceedings, unless they had evidence of a direct departure from the terms of the agreement, which resulted

U

in injustice to the party complaining of the departure.   If there was any thing of this kind it was *dehors* the record, and it became the duty of the complaining party to present it to the Court in a tangible shape, so that it could judge of the necessity and propriety of vacating the proceedings had.   The voluntary agreement of the parties should be carried out in good faith, and no court should lend a willing ear to objections of a technical character to annul a proceeding voluntarily had, where no injustice is shown to have arisen, and where none can be fairly presumed. The forms to be observed in summoning jurors, swearing them and the witnesses, and giving notice, are presumed in a case like the present, without a recital, to have been done, and the more so as either party had the means of seeing it done.

It was the interest of both parties to see that the proceedings were regular, and this Court cannot, in the absence of any thing in the record to the contrary, presume differently.

The judgment of the Circuit Court is affirmed with costs. *Judgment affirmed.*